Order, Supreme Court, New York County (Eduardo Padro, J.), entered on or about November 17, 2009, which adjudicated de *580 fendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court’s discretionary upward departure to risk level three. Defendant has demonstrated an extremely high risk of recidivism, and the type of misconduct in which he habitually engages is sufficiently serious to warrant an upward departure to level three (see People v Larkin, 66 AD3d 592 [1st Dept 2009], lv denied 14 NY3d 704 [2010]; People v Balic, 52 AD3d 201 [1st Dept 2008], affd 12 NY3d 563 [2009]).
The court properly classified defendant as a sexually violent offender. Defendant was convicted of persistent sexual abuse after that crime had been enumerated as a crime requiring classification as a sexually violent offense (see Correction Law § 168-a [3] [a] [ii]; [7] [b]), even though that crime was not classified under the Penal Law as a violent felony for sentencing purposes until 2007. In any event, defendant was still serving his sentence for that crime at the time of its reclassification in the Penal Law (cf. People v Buss, 11 NY3d 553 [2008]).
The decision and order of this Court entered herein on October 25, 2012 (99 AD3d 615 [2012]) is hereby recalled and vacated (see 2013 NY Slip Op 65940[U] [2013] [decided simultaneously herewith]). Concur—Gonzalez, P.J., Acosta, Moskowitz, Freedman and Abdus-Salaam, JJ.